**IN THE COURT OF COMMON PLEAS OF THE STATE OF DELAWARE**
**IN AND FOR NEW CASTLE COUNTY**

STATE OF DELAWARE         )
                             )
                             )
        v.                )        Cr.A. No. 1112010628
                             )
                             )
MARISSA FERNANDES,     )
                             )
        Defendant.     )

Allison J. Abessinio, Esquire                 Jonathan Layton, Esquire
Department of Justice                       Layton & Associates, P.A.
Carvel State Office Building               1832 West 16th Street
820 N. French Street, 7th Floor         Wilmington, DE 19806
Wilmington, DE 19801                *Attorney for Defendant*
  *Attorney for the State of Delaware*

**MEMORANDUM OPINION AND ORDER ON**
**DEFENDANT'S MOTION TO SUPPRESS**

Defendant Marissa Fernandes ("Fernandes") was subjected to a traffic stop and subsequently arrested on December 15, 2011. Fernandes was charged with Driving Under the Influence of Alcohol, in violation of 21 *Del. C.* § 4177, and Driving Vehicle While Licenses Suspended/Revoked, in violation of 21 *Del C.* § 2756. On November 13, 2013, Fernandes timely noticed the present motion to suppress, challenging the legality of the initial traffic stop.

A hearing on the motion was held on March 19, 2013. At the hearing, the Court heard testimony from one witness, Delaware State Police Officer Michael Ripple ("Officer Ripple"). At the conclusion of the hearing, the Court reserved decision.[1] This is the Final Decision of the Court on Defendant's motion to suppress.

---

[1] The Court planned to proceed with trial as scheduled on March 19, 2013; however, trial was ultimately rescheduled by the Court, and the Court subsequently determined that Defendant's motion to suppress would be best addressed by a written opinion.

# FACTS

At the hearing on the motion to suppress, Officer Ripple offered the following testimony: around 12:30 a.m. on December 15, 2011, he was traveling westbound on Kirkwood Highway, approaching Possum Park Road when he came upon a black vehicle traveling in front of him in the right-hand lane. Officer Ripple noticed that the vehicle crossed entirely over the right fog line.[2] Within one-fourth to one-third of a mile thereafter, Officer Ripple observed the vehicle cross the fog line a second time. After the vehicle crossed the fog line for a third time, Officer Ripple activated his lights and stopped the vehicle in a business parking lot.[3]

Officer Ripple testified that he followed the vehicle for a total of roughly one mile. Each time the vehicle crossed over the fog line, it was not for a long period of time; each crossing spanned "only a second or so" before the driver self-corrected. However, on all three occasions the vehicle crossed fully over the fog line, as opposed to merely "riding" along the line. Officer Ripple described the crossing movement as a "drift" rather than a "swerve," and noted that the movement was not sudden or jerky.

Officer Ripple testified that traffic was very light, and he did not observe any pedestrians in the vicinity. When Officer Ripple stopped the vehicle, he did not do so with the intent to cite the driver for unsafe lane change in violation of 21 *Del. C.* § 4122. Officer Ripple testified that in deciding to stop the vehicle, his primary concern was the driver hitting the curb; there was a very narrow shoulder between the fog line and the curb, roughly two feet in width.

Fernandes argues that the stop was not based on a suspected violation of 21 *Del. C.* § 4122, thus Officer Ripple lacked reasonable articulable suspicion to stop the vehicle. The State,

---

[2] Officer Ripple clarified that the "fog line" was the far right line along the shoulder, not the center line.
[3] Officer Ripple testified that he ultimately stopped the vehicle in a McDonalds parking lot for safety purposes, in light of the narrow shoulder of the road.

on the other hand, contends that reasonable suspicion existed in that Officer Ripple was concerned the vehicle would collide with the curb.

## DISCUSSION

### A. Standard of Review

On a motion to suppress, the burden is on the State to prove that the challenged search or seizure conformed to the rights guaranteed by the United States Constitution, the Delaware Constitution, and Delaware statutory law.[4] The burden of proof on a motion to suppress is proof by a preponderance of the evidence.[5]

A traffic stop is reasonable under the Fourth Amendment where it is supported by reasonable suspicion to believe that a traffic violation has occurred.[6] It is the objective circumstances, not the officer's subjective intentions, which serve as a barometer for the legality of a search or seizure under the Fourth Amendment.[7] "[T]he actual or ulterior motives of an officer do not invalidate police action that is justifiable on the basis that a violation of law has occurred."[8] "The constitutional reasonableness of the traffic stop does not depend on the actual motivations of the individual officer involved, because subjective intentions play no role in ordinary probable cause analysis under the Fourth Amendment."[9]

---

[4] *State v. Anderson*, 2010 WL 4056130, at *3 (Del. Super. Oct. 14, 2010) (citation omitted).
[5] *Id*. at *3.
[6] *State v. Rickards*, 2 A. 3d 147, 151 (Del. Super. 2010).
[7] *Wren v. U.S.*, 517 U.S. 806, 116 S.Ct. 1769, 135 L.Ed.2d. 89 (1996); *see also State v. Karg,* 2001 WL 660014, at *2 (Del. Super. May 31, 2001) (holding that in Delaware, the constitutional reasonableness of a traffic stop does not depend on the actual, subjective motives of a police officer).
[8] *Rickards*, 2 A. 3d 147, 150 (Del. Super. 2010).
[9] *Id*. (citing *State v. Minaya*, 1997 WL 855705 (Del. Super. Dec. 13, 1997).

**B. The Vehicle Stop Was Supported by Probably Cause**

The sole question before the Court at this stage is whether Officer Ripple possessed the requisite reasonable articulable suspicion to lawfully stop the vehicle driven by Fernandes. The Court concludes that he did.

Over a distance of approximately one mile, Officer Ripple observed the vehicle drift entirely over the fog line on three separate occasions. Officer Ripple testified that the shoulder on the roadway was very narrow, and that vehicle risked hitting the curb. Title 21, Section 4122(1) of the Delaware Code provides:

> Whenever any roadway has been divided into 2 or more clearly marked lanes for traffic, the following rules in addition to all others consistent herewith shall apply:
>
> (1) A vehicle shall be driven as nearly as practicable entirely within a single lane and shall not be moved from such lane until the driver has first ascertained that such movement can be made with safety.

Fernandes contends that Officer Ripple lacked reasonable suspicion that a traffic violation was committed because a *de minimis* crossing of lanes is not a violation of § 4122, as the statute does not prohibit needless crossing of lanes. However, Officer Ripple made no suggestion that the vehicle was stopped for "needless" lane crossing; rather, Officer Ripple stopped the vehicle based on reasonable suspicion that the crossing of the fog line was unsafe. Officer Ripple had reasonable suspicion that a traffic violation occurred based on his observation of the vehicle traveling out of its lane and over the fog line in a manner that gave rise to safety concerns.

The Court need not determine whether Fernandes, if charged, could ultimately be found guilty of violating § 4122; for on a motion to suppress, the burden on the State is to prove by a preponderance of the evidence, that Officer Ripple "pointed to 'specific and articulable facts

4

which, taken together with rational inferences from those facts, reasonably warrant th[e] intrusion [of a vehicle stop].'"[10] The Court finds that the State has met its burden.

## CONCLUSION

For the foregoing reasons, Defendant's Motion to Suppress is **DENIED.** The matter will be set for trial before this judicial officer.

**IT IS SO ORDERED this 7th day of May, 2014.**


_____
**The Honorable Carl C. Danberg**
**Judge**


cc:     Diane Healy, Judicial Case Manager

---

[10] *Anderson*, 2010 WL 4056130, at *3 (Del. Super. Oct. 14, 2010) (quoting *Jones v. State*, 745 A.2d 856 (Del. 1999)).

5